FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

# UNITED STATES DISTRICT COURT

2019 JUL 31 AM 11: 07

### for the

_Southern_ District of _Georgia_

CLERK _____
SO. DIST. OF GA.

_Statesboro_ Division

|  |  |
|---|---|
| Timothy T. Timmons | ) Case No. 6:17-cv-116 |
| _____ | ) _(to be filled in by the Clerk's Office)_ |
| **Plaintiff(s)** | ) |
| _(Write the full name of each plaintiff who is filing this complaint._ | ) |
| _If the names of all the plaintiffs cannot fit in the space above,_ | ) |
| _please write "see attached" in the space and attach an additional_ | ) "Second Amended Complaint" |
| _page with the full list of names.)_ | ) |
| -v- | ) |
|  | ) |
| Georgia Department of Corrections, et al. | ) |
| _____ | ) |
| **Defendant(s)** | ) |
| _(Write the full name of each defendant who is being sued. If the_ | ) |
| _names of all the defendants cannot fit in the space above, please_ | ) |
| _write "see attached" in the space and attach an additional page_ | ) |
| _with the full list of names. Do not include addresses here.)_ | ) |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
### (Prisoner Complaint)

---

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should _not_ contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include _only_: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Complaint Completed
date: 7/23/19

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name    TIMOTHY T. TIMMONS

All other names by which
you have been known:

ID Number    G.D.C. # 1010551

Current Institution    Ware State Prison

Address    3620 N. Harris Rd

Waycross    Ga.    31503
City      State      Zip Code

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

Name    Ms. Martin

Job or Title *(if known)*    Intake/Classification Officer

Shield Number    N/A

Employer    Smith State Prison

Address    9676 Hwy 301 North

Glennville    Ga    30427
City      State      Zip Code

[✓] Individual capacity    [✓] Official capacity

Defendant No. 2

Name    Deputy Warden Clark

Job or Title *(if known)*    Deputy Warden of Care and Treatment

Shield Number    N/A

Employer    Smith State Prison

Address    9676 Hwy 301 North

Glennville    Ga    30427
City      State      Zip Code

[✓] Individual capacity    [✓] Official capacity

Defendant No. 3

Name      Mr. McFarlin

Job or Title *(if known)*      Unit Manager

Shield Number      N/A

Employer      Smith State Prison

Address      9676 Hwy 301 North

     Glennville      Ga.      30427

     *City*      *State*      *Zip Code*

[✓] Individual capacity    [✓] Official capacity

Defendant No. 4

Name

Job or Title *(if known)*

Shield Number

Employer

Address

     *City*      *State*      *Zip Code*

[ ] Individual capacity    [ ] Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.      Are you bringing suit against *(check all that apply)*:

[ ] Federal officials (a *Bivens* claim)

[✓] State or local officials (a § 1983 claim)

B.      Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Deliberate Indifferance; Negligence; Unnecessary and Wanton Infliction of Pain; and violation of . . . . . . . . the American Disability Act; Intentional Infliction of Emotional Distress

C.      Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed. Each named Defendant acted under color of state law because my rights have been violated by a state official employed by the Georgia Department of Corrections

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐ Pretrial detainee

☐ Civilly committed detainee

☐ Immigration detainee

☑ Convicted and sentenced state prisoner

☐ Convicted and sentenced federal prisoner

☐ Other *(explain)* _____

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

At Smith State Prison, from 12/22/2015 through 7/10/2016

## Basis for Jurisdiction under letter "D" on page 4 of 11

(1.) Defendant C.O. II Martin acted under the color of law because she is a local official officer whom was employeed by Smith State Prison during the years of 2015-2016. Her job description is entitled (Intake/Classification Officer), in which she is responible for assigning all inmates to their housing units upon arrival and rearrival to Smith State Prison.

(2.) Defendant Clark acted under the color of law because he was a focal administrator at Smith State Prison during the years of 2015-2016. His job description is entitled (Deputy Warden of Care and Treatment, whom is responsible for the care and treatment of all inmates housed at Smith State Prison.

(3.) Defendant Mc Farlin acted under the color of law because he was a local official administrator at Smith State Prison, whom job description was Unit Manager over inmate housing during the years of 2015-2016.

C.  What date and approximate time did the events giving rise to your claim(s) occur?

From the dates of 10/22/2015 through the months of 7/10/2016

D.  What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

Plaintiff presented up to date medical profile(s) to the listed defendants individually, attempting to garner administrative action consistent with and to the restrictions/limitations that his medical profile(s) mandate; to no avail. Subsequently an incident occurred as a direct result of the defendants negligence that brought upon the Plaintiff undue hardships that pose an unreasonable risk of serious damage to his future health from an unsafe living conditions that lead to the Plaintiff sustaining serious life long permanent injuries.

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Sustained Injuries
My herniated/slipped disc bulged even more of my L4 and L5 disc in my lower back area that caused me to have and experience an enormous amount of excruciating pain, in which caused me to suffer worth chronic long term injuries, with pinched nerves and spinal stenosis Medical Treatments The medical treatments that I have received are a epidural/cortizone shot in my spine, physical therapy, chronic pain medications, and back surgery, steriods and anti-flammatory medication, and I was issued a walking cane for standing and waiting support and a electric tens unit

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

I want the court to award damages for any bodily injury sustained and for any resulting pain and suffering, disability, any mental anguish experienced or emotional distress resulting from the violation claims made by the Plaintiff from in the past or any to be experienced in the future from his personal injury(ies) that proximately resulted from defendants conduct. Plaintiff ask for and to be rewarded compensatory and punitives damages for his suffering and physical injury of all defendant personal involvement who violated his rights in their individual capacity and for failing to do anything to fix the Plaintiff situation after learning of the violations which occured upon the Plaintiff.

Relevant Facts:

(1.)

On 12/22/2015, uponed my rearrival back to Smith State Prison, I presented to C.O.II Martin a retroactive medical profile that was previous given to me from another facility, in which stated Bottom Bunk and Bottom Tier due to back injury that was issued on 11/19/2015. The duration of this particular profile stated that it should be adhered to until further evaluated by the provider or an medical physician. C.O.II Martin still refused and failed to adhere to and honor the said medical profile which documented the restrictions/limitation in reference to my medical condition, health and safety, by having knowledge of my medical profile restriction that was a serious medical need, Ms. Martin still placed me in building K dorm 2, in bunk 212 Top on the Top Tier, in a housing unit that was incompatible with my medical profile. On 12/29/2015, I was issued another medical profile with additional restrictions from Smith State Prison's own medical physician, Dr. Alsia M. Gardner, which stated also bottom bunk, no climbing, no heights ect. On 1/12/2016, during a scheduled medical appointment with Dr. Gardner, I explained to her that it has been twenty-two (22) days since my rearrival to this facility and neither of the two(2) previously issued medical profiles has yet to be honored or adhered to and the lack of their adherance is causing my health conditions to deteriorate, from jumping up and down from

the top bunk and from climbing the stairs to act to and fro my cell 212 in K-2. During that visit Dr. Gardner took it upon herself to personal inform C.O. II Martin of my serious medical situation. Dr. Gardner then asked the assigned medical officer Mr. Wavchester to call the Intake/Classification officer (C.O. II Martin) whom duty is to assign all inmates to there housing unit and/or living arrangements housed at Smith State Prison. During their conversation, Dr. Gardner informed C.O. II Martin how imperative it was for me to be moved to a bottom bunk on the bottom tier, this conversation was witnessed by myself and Officer Wavchester. She stated to her that due to medical reasons ~~I needed to~~ aviod the use of stairs climbing, or heights to prevent me from inquiring any more further injuries to my current health conditions and for my safety. After given a verbal notice from a medical physician, C.O. II Martin still failed to comply and accommodate to my medical restrictions requirements. She only switched me from K-2/212 Top to K-2/212 Bottom, not fully complying to the Doctors orders. On 6/8/2016, I was seen by NPC, Mary Ferra, who had assigned me up for an emergency appoinment to see the orthopedics at Augusta State Prison medical facility because my health condition had deteriorgted and became worst over of six(6) months period from the disregarding of my serious medical issues and needs. NPC, Ferra, then issued me a cane for walking and standing support

and added no prolonced standing and other restrictions to my medical profile require-ments. On 1/27/2016, after returning from a medical appointment at August State Prison, climbing/walking upstairs to my cell 212 in K-2, I experienced a sharpe lighting like from my lower back area that ranneed down my left leg in which caused my leg to buckle and my back to give out, causing me to loose my balance/step and fall down stairs. Witnesses to this incident were Sgt. Bredley whom escorted to the dorm, C.O.II Smith who was working the dorm floor that day and inmates James Cox and his cellmate B. Isham of K-2 cell 109 and Nathaniel Walker of K-2 cell 129. I was sent to the emergency room at Evans Hospital in Claxton, Ga. Still after falling and sustain-ing injuries, the administration still placed me back in upstairs upon my return. I was in a wheelchair upon my return and I had to be carried upstairs by inmates Cox and Isham, witness by officers C.O. Harris and budeal. I still had to reside up-stairs for a total of thirteen days give or take after my fall. From the date of 12/22/2015 through 4/10/2016, over a total of six (6) months and eighteen (18) days give or take, C.O.II Martin nor the administration did their duty to provide a safe environment that accommodated my medical profile requirements to my serious medical needs as they disregarded the risks of me sustaining injuries. From their negligence to failure to adhere and honor my profile restrictions caused me to sustain injuries and undergo back surgery, leaving me with permanent life long injuries and disabilites.

Relevant Cause of Action to claim(s) for C.O. II Martin:

(2.)

count (1): Cruel and Unusual Punishment - from the unnecessary and wanton infliction of pain that the Plaintiff suffered between the dates of 2/20/2015 through 7/10/2016; before, during and after his fall.

Count (2): Violation of a basic human need for the reasonable safety of the Plaintiff, for un-safe conditions not compatible to his medical profile of his serious medical needs that "posed" an unreasonable risk of serious damage to his previous, present and future health.

count (3): Negligence - C.O. II Martin was negligent when she failed to do her duty as the acting in-take/classification officer to provide the Plaintiff with suitable living quarters after have been presented with his medical profile and/or informed of his serious medical needs and the potential risks of injuries to his future health after having been notified by Dr. Gardner given instructions to prevent any harm, pain, suffering, mental anguish, emotional distress and further injuries in which she subjected him to by not adhering to and failure to comply to his medical profile(s). She knowingly disregarded to accom-modate his needs as instructed by Dr. Gardner.

count (4): Deliberate Indifference - C.O. II Martin showed deliberate indifference for her reckless disregard for the Plaintiff's safety and health by failing to "act reasonably" in response to his serious medical needs, in which that lack of response subdued the Plaintiff to the harm, injuries, mental anguish, and pain that in

Statement of Claim under letter "D" on page 5 of 11

interfered with his daily activities from his physical impairment that substantially limited one or more life activities and providing a safe walking and living area as preferred the medical physician, disregarding his existing chronic that eventually lead... the Plaintiff receiving medical treatment and even surgery.

COUNT(S). Violation of the Americans with Disabilities Act - C.O.II Martin failed to react and respond to Plaintiff's serious medical needs that were compatible with his physical condition that meet the civilized standards of decency, considering that her failure to respond to the Plaintiff's medical condition caused him disabilities that now interferes with his daily life activities, in which required the Plaintiff to receive a mobility aid and even after receiving the mobility aid, the defendant still failed to provide a ... walking living area. The (ADA) also protected the Plaintiff from conditions that are unsafe in light of his physical condition. before and after the Plaintiff was issued a walking cane for his health, safety and mobility. Counts 1-5 all falls under the violation of the Plaintiffs Eight Amendment Rights, causing the Plaintiff Intentional Infliction of Emotional Distress.

(3)

Relevant Facts:

During a routine administrative dorm inspection, I informed Deputy Warden of Clark of my situation and presented to him my medical profile(s) and proceeded to

Statement of Claim under letter "D" on page 5 of 11

explained to him that since my return/rearrival on 12/22/2015, I've been trying to get moved to a bottom bunk on the bottom tier. reasons of my health, safety, and medical profile restrictions and limitations. I told him that Ms. Martin was told by Dr. Gardner to do and that she only switched me from K-2 212T to 212-B and not on the bottom tier. He told me to write him on a inmate request form, he also put my inmate information in his phone as well, this was between the months of April and May of 2015. After several attempts of correspondences regarding my issues of insufficient /incompatible housing, unfortunately no actions were taken to adhere and conform to medically mandated restrictions from his incompliance.

(4.)

Relevant Cause of Action to claim(s) for Deputy Warden Clark:

COUNT (1): <u>Negligence</u> - Mr. Clark failed to take any initiative to make sure that I had my medical profile restrictions adhere to after I informed him of the seriousness of my situation and how it was affecting my health as it was getting worst. Mr. Clark knew of the chronic pain that I was having and of the potential risks of my medical conditions becoming worse and posed an substantial chance of future damage to my health. Mr. Clark showed negligence when failed to do his duty as Warden of Care and Treatment over all inmates housed at Smith State Prison who's on the administration staff and could have made changes when first learning of their serious medical needs and fix the situation that very day.

Statement of Claim under letter "D" on page 5 of 11

count(2): <u>Cruel and Unusual Punishment</u> - for the unnecessary and wanton infliction of pain from the time that he knew / learned of my serious medical needs; before, during and after the Plaintiff's falls; and for violation of a basic human need for the Plaintiff's reasonable safety, for the unsafe conditions not compatible to his serious medical needs that posed an unreasonable risk of serious harm to his health.

count(3): <u>Deliberate Indifference</u> - Mr. Clark showed deliberate indifference for his reckless disregard for the Plaintiff's safety and health by failing to "act reasonably" in response to his serious medical needs, in which that lack of response subdued the Plaintiff to harm, injuries, mental anguish, and pain that interfered with his daily life activities from his physical impairment and not providing a safe wellness and living area as preferred by the medical physician disregarding his existing chronic pain, that eventually lead to the Plaintiff receiving medical treatments and surgery.

count (4): <u>Violation of the Americans with Disabilities Act</u> = (The same as for count(5) on of paragraph four (4) on attachment (E) to.

(5.)

<u>Relevant Facts:</u>

On 6/8/2016, I spoke with Unit Manager McFarlin about my medical situation upon leaving my medical appointment with NP, Mary Ferren. I enclosed to him that Dr. Gardner had verbally informed C.O.II Masterson 1/12/2016 of my medical condition and of my serious

<u>Statement of Claim under letter "D" on page 5 of 11</u>

medical need to be moved and placed in a bottom bunk on the bottom tier to prevent me from sustaining any further or future injuries to my health and for my safety, and I vet to be moved to accommodate my needs. Mr. McFarlin then wrote down my name and G.D.C. number and stated that he'll speak with C.O. II Martin to make arrangements for me to be moved to fully adhere to my medical profile(s) and to medical physician instructions. However my issue still won't resolved and that neglicent to resolve this matter, unfortunately I suffer an accident just eighteen days later on 6/27/2016 and I still didn't get moved until 7/10/2016, thirty-two days after Mr. McFarlin had received knowledge of my disabilities and medical needs as was presented in my medical profile(s).

(G)

<u>Relevant Cause of Action to claim(s) for Unit Manager McFarlin:</u>

Mr. McFarlin had the same Eight Amendment violations and Deputy Warden Clark of the Plaintiffs rights for counts (1-5) in paragraph (4) of Attachments (F and G) dealing with Negligence, Cruel and Unusual Punishment, Deliberate Indifference and the Violation of the Americans with Disabilities Act. All Defendants acted in reckless disregard of or with callous indifference to the Plaintiffs right.

For the amount of money that the Plaintiff ask to inquire is not really the value that the Plaintiff is trying to determine; but it is the amount of money that will fairly compensate the Plaintiff for damages suffered. There is no exact standard for fixing the compensation to be awarded on account of such elements of damage. However any such a word should be fair and just in light of the evidence. You should include each of the following elements of damage which you decide has been sustained by the Plaintiff to the present time: physical pain; mental anguish; suffering; emotional distress; and disability. If any element of damage is permanent in nature, then you shall decide how long the Plaintiff is likely to live with the damages sustained. You should include the Plaintiff's medical expenses; cost of medications, medical treatments ect; ect; that the Plaintiff is likely to face in the future and his living costs.

The Plaintiff alleges that his claimed injuries proximately resulted from the defendants conduct. If you should find that the Plaintiff is entitled to prevail in this litigation, you must award him such sum as will compensate him for any pain, suffering or mental anguish already suffered by him, in which you find from evidence in this case that he is reasonably certain to suffer in the future from same cause.

If you should find that the Plaintiff is entitled to the awarding of Punitive damages for the punishment of any wrongdoer for his or her misconduct and to deter similar conduct by other, you must find that the Defendant(s) acted in reckless disregard of or with callous indifference to Plaintiffs rights and acted intentionally or purposefully to deprive the Plaintiff of his rights,

**VII.** **Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A.  Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Smith State Prison

B.  Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C.  Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☑ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

All that were mentioned in section II (B)

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E. If you did file a grievance:

1. Where did you file the grievance?

At Smith State Prison, with a counselor

2. What did you claim in your grievance?

That my Constitution Rights were violated

3. What was the result, if any?

Denied

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

I filed for a appeal of the decision to the highest level

F.   If you did not file a grievance:

1.   If there are any reasons why you did not file a grievance, state them here:

_____ N/A

2.   If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

_____ N/A

G.   Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____ N/A

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.   Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☑ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

A.  Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☑ Yes

☒ No

B.  If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit

    Plaintiff(s)    TIMOTHY T. TIMMONS

    Defendant(s)  GDC et al, Ms Mertin, McFerlin, Smokes, Lt. Milton, Lt. Bryd, Lt. West, Deput Warden Clark, Ms. Yabrough, Nurse Mack, Nurse Cooper

2.  Court *(if federal court, name the district; if state court, name the county and State)*

    U.S. District Court, Southern District of Georgia

3.  Docket or index number

    6:17-cv-66

4.  Name of Judge assigned to your case

    R. Stan Baker

5.  Approximate date of filing lawsuit

    5/12/2017

6.  Is the case still pending?

    ☐ Yes

    ☑ No

    If no, give the approximate date of disposition.    7/25/17

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

    Complaint was to be dismissed without prejudice

C.  Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☐ Yes

☑ No

D.  If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s) _____

   Defendant(s) _____

2. Court *(if federal court, name the district; if state court, name the county and State)*

   _____

3. Docket or index number

   _____

4. Name of Judge assigned to your case

   _____

5. Approximate date of filing lawsuit

   _____

6. Is the case still pending?

   ☐ Yes

   ☐ No

   If no, give the approximate date of disposition _____

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   _____

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:     7|14|2019

Signature of Plaintiff     *Timothy L Timmons*

Printed Name of Plaintiff     Timothy L. Timmons

Prison Identification #     101055 1

Prison Address     Ware State Prisons, 3620 N. Harris Rd

Waycross          Gu.          31503
          _City_          _State_          _Zip Code_

### B.    For Attorneys

Date of signing:     _____

Signature of Attorney     _____

Printed Name of Attorney     _____

Bar Number     _____

Name of Law Firm     _____

Address     _____

          _City_          _State_          _Zip Code_

Telephone Number     _____

E-mail Address     _____