*"AMENDED COMPLAINT"*
*TO THE DISTRICT COURT*

# UNITED STATES DISTRICT COURT
for the
Southern District of Georgia

TIMOTHY T. TIMMONS
_Plaintiff(s)_
(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

-v-

Case No. 6:17-CV-116
_(to be filled in by the Clerk's Office)_

GEORGIA DEPARTMENT OF CORRECTIONS ET AL.;
_Defendant(s)_
(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

I. The Parties to This Complaint

   A. The Plaintiff(s)

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   Name: TIMOTHY T. TIMMONS
   All other names by which you have been known:
   ID Number: 1010551
   Current Institution: Ware State Prison
   Address: 3620 North Harris Rd
   Waycross, Ga. 31503
   City / State / Zip Code

   B. The Defendant(s)

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

   Defendant No. 1
   Name: Kathy Martin
   Job or Title (if known): Intake Officer
   Shield Number:
   Employer:
   Address:
   City / State / Zip Code
   [✓] Individual capacity   [✓] Official capacity

   Defendant No. 2
   Name: Andrew McFarlane
   Job or Title (if known): Unit Manager of Inmate Housing
   Shield Number:
   Employer:
   Address:
   City / State / Zip Code
   [✓] Individual capacity   [✓] Official capacity

Defendant No. 3
Name: Deputy Warden Clark
Job or Title (if known): Deputy Warden of Care and Treatment
Shield Number:
Employer:
Address:

City / State / Zip Code

[✓] Individual capacity   [✓] Official capacity

Defendant No. 4
Name:
Job or Title (if known):
Shield Number:
Employer:
Address:

City / State / Zip Code

[ ] Individual capacity   [ ] Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

[ ] Federal officials (a *Bivens* claim)

[✓] State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

My Eight Amendment Rights

Negligence, Deliberate Indifference, and Tort Claim for Intentional Infliction of Emotional Distress

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Attachment to II.(A)
<u>Basis for Jurisdiction under letter "D" on page 4 of 11</u>

(1.)

Defendant C.O.II Martin, acted under the color of law because she is a local official officer whom were employed by Smith State Prison during the years of 2015-2016. Her job description is entitled Intake/Classification Officer, whom is responsible for assigning all inmates to their housing units upon arrivals and rearrivals to and from Smith State Prison. On 12/22/2015 upon my arrival to Smith State Prison, I presented an retro-active medical profile to her from another facility, in which stated Bottom Bunk/Bottom Tier due to medical reasons that was issued to Plaintiff on 11/19/2015. The duration of this medical profile stated until further evaluated by provider or an medical physician. Officer Martin refused to adhere to and honor the medical profile which documented the restrictions/limitations in reference to Plaintiff's medical condition and health, by ignoring that profile and placing in dormitory K-2 in cell 212 on the top bunk on the top tier after having knowledge to Plaintiff's serious medical needs. Defendant Martin still placed Plaintiff in a living unit/housing that was incompatible with his medical profile and condition.

On 12/29/2015, Plaintiff was issued another medical profile with additional restrictions from Dr. Alisa M. Gardner, whom was the medical physician a Smith State Prison at that time, who called and verbally informed Defendant Martin of Plaintiff's serious medical needs and profile(s) and the risks of Plaintiff getting injured. Defendant Martin only moved Plaintiff from the top bunk to the bottom bunk (from 212 top to 212 bottom). Although another medical medical profile was issued by NPC Mary Ferra dated 6/14/2017, as well. From the date of 12/22/2015 through 7/10/2016, Defendant disregarded and failed to honor Plaintiff's medical profile(s) of his serious medical need to adhere to Plaintiff's medical conditions.

(2.)

Defendant Clark is the Deputy Warden of Care and Treatment, acted under the color of law because he was a local administrator assigned to specifically oversee all medical, and care and treatment related matters for all inmates at Smith State Prison during the years of 2015 through 2016. After presenting a Smith State medical department issued

active profile to him, and several prior correspondences regarding the same issues of insufficient/incompatible housing, no action was taken to adhere and conform to medically mandated restrictions by Deputy Warden Clark in compliance.

(3.)

Defendant McFarlane, acted under the color of law because he's a local official administrator employed by Smith State Prison, whom job description was Unit Manager over inmate housing. On 6/8/2016, after a medical appointment, I spoke with Unit Manager McFarlane about the aforementioned matters previously cited in reference to my medical profile and it's restrictions/limitations therein. After presenting to him medical profile descriptions and current living location, he then wrote down my name and G.D.C. number and stated that he'll discuss the matter with Defendant Martin concerning the Plaintiff's situation to make arrangements to meet my medical profile requirements. However no action was taken to meet Plaintiff's serious medical needs.

There was a total of five (5) different medical profiles that was issued concerning Plaintiff's medical profile and conditions. Those profiles were issued on the following dates: 11/17/2015; 12/29/2015; 6/8/2016; 6/14/2016 and 7/12/2016.

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

III. **Prisoner Status**

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- ☐ Pretrial detainee
- ☐ Civilly committed detainee
- ☐ Immigration detainee
- ☑ Convicted and sentenced state prisoner
- ☐ Convicted and sentenced federal prisoner
- ☐ Other *(explain)*

IV. **Statement of Claim**

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

At Smith State Prison between the dates of 12/22/2015 through 7/10/2016

Attachment (A) to IV
Statement of Claim under letter "D" on page 5 of 11

On 11/17/19 received a profile from a medical physician regarding the stipulations and restrictions of my serious medical needs which stated bottom bunk and bottom tier. On 12/22/2015, On my return to Smith State Prison, I presented my medical profile to C.O.II Martin upon arrival. On 12/22/2015 I was issued another medical profile by Smith's State Prison's physician with even more additional restrictions because my was getting worst. On 1/12/2016 during a medical appointment with medical physician Dr. Alsia Gardner. I explained to her that neither of the two (2) medical profiles that I was issued, the one that I arrived with and the one that was issued by her has yet to be honored nor adhered to and it has been twenty-two (22) days since my recarrival that I've been on the top bunk on the top tier and climbing stairs to get to and fro. At that time Dr. Gardner asked officer Wauchaster whom was the assigned medical officer at the time to call the Intake/Classification Officer who is in charge over the living arrangements and movement of all inmates and their housing. During that call Officer Wauchester and myself both witness the conversation between Dr. Gardner and C.O.II Martin, in which she stated to her that due to medical reasons that I needed to be moved to a bottom bunk on the to prevent me from incurring any further injuries or health complications and at that time C.O.II Martin was given a verbal notice of my serious medical issues.

C.O.II Martin had the authority to move any inmates without a medically issue to accommodate my medical restriction requirements. However the only thing that she did was switched my bunk from 212 K-2 Top to 212 K-2 bottom witnessed by my cellmate Marcus Crowder and my dorm members. On 6/8/2016, I was seen by NPC Mary Ferra who then signed me up for an emergency appointment to see the orthopedics at August State Medical Facility because my condition had became so bad and worse from the disregard of my medical profile for my health and safety by that time I could barely walk

or stand on my own. I was then issued a cane for walking and standing support along with a no-prolonged standing added to my medical profile list of restrictions and requirements. On 6/27/2016, after returning from my medical appointment from an eight (8) hour roundtrip drive of sitting in one spot in chains and restraints from August State Prison, upon climbing upstairs on the way to my still assigned dorm in K-2 212 bottom, I experienced a sharp lightening like pain from my lower back area which ranned down my left leg in which caused for my leg/back to give out, causing me to fall down my the stairs. Witnessed to the incident were Sgt. Bradley whom escorted my back to the dorm, C.O. II Smith who worked in the dorm's that day and inmates James Cox his cellmate B. Isham of K-2 cell 108 and Nathaniel Walker of K-2 cell 129.

However, still after having sustained injuries, upon my return from the hospital in a wheelchair, I still had to reside and to be carried upstairs and resided there for a total of fourteen days after the fall. From the date of 12/22/2015 through 7/10/2016, over a total of six (6) months and eighteen (18) days. C.O. II Martin fail to do her duty as her job description requires to assign me to living quarters that accomodate my medical profile requirements for my health and safety. Her failure to do so violated my rights and also caused me to sustain injuries in which caused me to have to undergo surgery.

On 6/8/2016 after living medical and receiving a walking cane and a medical profile(s), I spoke with Unit Manager McFarlane about my medical situation concerning my medical profile(s) not being adhered too which is causing my health to deteriorate. I explained to him that Dr. Gardner verbally informed C.O. II Martin of my medical conditions and of my serious medical need to be moved to a bottom bunk on the bottom tier to prevent further or future injuries to my health and safety and I had explained to him that I have yet to be moved to accomodate my needs of my serious medical issues. He then wrote down my name and G.D.C. number and

and stated that he will speak with C.O. II Martin about the situation and try to make arrangements for me to be moved. However my issue still wasn't resolved and unfortunately after verbally putting Unit Manager McFarlane on notice, I had accident eighteen days later on 6/27/2016 and I still wasn't moved until 7/10/2016, thirty-two days later after he had received knowledge of my situation and have been shown of my medical profile(s).

Between the dates of 12/22/2015 through 7/10/2016, Deputy Warden Clark came to dorm K-2 with other administration officers to due an inspection. During that inspection I approached Warden Clark and began to explain to him my current at that time and even showed him my cane and medical profile(s). He told me to put it on an inmate request form and he would take care of it. However after several attempts of correspondence with Warden Clark, I never heard back from him nor was I moved until after my fall after I filled a grievance on the issue(s).

C. What date and approximate time did the events giving rise to your claim(s) occur?

Time unknown at this time

Between the dates of 12/22/2015 through 7/10/2016

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

I fell down a flight of stairs, after from months of pain from deteriorating discs caused by the unadherence of my medical profiles that was issued with restrictions and limitations to my serious medical needs to prevent an injury and for my safety.

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

I sustained injuries to my L3, L4, and L5 disc. I've had to undergo surgery and therapy and I've had an epidorum shot in my spinal cord and I'm on chronic pain medications as well daily

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

For the amount of money that I ask to inquire is not really the value that the Plaintiff is trying to determine; but it is the amount of money that will fairly compensate the Plaintiff for damages suffered. There is no exact standard for fixing the compensation to be awarded on account of such elements of damage. However any such award should be fair and just in light of the evidence. You should include each of the following elements of damage which you decide has been sustained by the Plaintiff to the present time: physical pain; mental anguish; suffering; emotional distress and disability. If any element of damage is of continuing nature, you shall decide how long it may continue and if an element of damage is permanent in nature, then you shall decide how long the Plaintiff is likely to live with the damage sustained. You should include the Plaintiff medical bills, cost of medications, his medical treatments ect., that the Plaintiff is likely to face in the future and living costs.

The Plaintiff alleges that his claimed injuries proximately resulted from the defendants conduct. If you should find that the Plaintiff is entitled to prevail in this litigation, you must award him such sum as will compensate him for any pain, suffering or mental anguish already suffered by him, proximately resulting from the defendants conduct and for any pain, suffering, and mental anguish which you find from evidence in this case that he is reasonably certain to suffer in the future from same cause.

If you should find that the Plaintiff is entitled to the awarding of Punitive damages for the punishment of any wrongdoer for his or her misconduct and to deter similar conduct by others, you must find one of the following: (1) that the Defendant(s) acted intentionally or purposely to deprive the Plaintiff of his rights; (2) that the Defendant(s) acted in reckless disregard of or with callous indifference to the Plaintiff's rights; or (3) that the Defendant(s) carried out lawful activies with unnecessary harshness, or abused his or her official power, or took unfair advantage of the Plaintiff.

deter similar conduct by others, you must find one of the following: (1.) that the Defendant(s) acted intentionally or purposefully to deprive the Plaintiff of his rights; or (2.) that the Defendant(s) acted in reckless disregard of or with callous indifference to the Plaintiff's rights; or (3.) that the Defendant(s) carried out lawful activities with unnecessary harshness, or abused his official power, or took unfair advantage of the Plaintiff.

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_Smith State Prison_

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☑ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

_All of my claims to my knowledge_

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E. If you did file a grievance:

1. Where did you file the grievance?

    Smith State Prison

2. What did you claim in your grievance?

    That my rights where violated because my medical profile wasn't adhered to

3. What was the result, if any?

    Denied

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

    I appealed the grievance to the highest level to Central Office

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes
☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☑ Yes
☐ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit
   Plaintiff(s)  TIMOTHY T. TIMMONS
   Defendant(s)  GEORGIA DEPARTMENT OF CORRECTIONS ET AL.

2. Court *(if federal court, name the district; if state court, name the county and State)*
   The United States District Court of the Southern District of Georgia

3. Docket or index number
   6:17-cv-66

4. Name of Judge assigned to your case
   R. Sten Baker

5. Approximate date of filing lawsuit
   May 12, 2017

6. Is the case still pending?
   ☐ Yes
   ☑ No

   If no, give the approximate date of disposition.  July 25, 2017

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   case dismissed without prejudice

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☑ Yes

☐ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit
   Plaintiff(s) TIMOTHY T. TIMMONS
   Defendant(s) GEORGIA DEPARTMENT OF CORRECTIONS ET AL

2. Court *(if federal court, name the district; if state court, name the county and State)*

   Southern District Court of Georgia

3. Docket or index number
   6:17-cv-66

4. Name of Judge assigned to your case
   R. Stan Baker

5. Approximate date of filing lawsuit
   5/12/2017

6. Is the case still pending?
   ☐ Yes
   ☑ No

   If no, give the approximate date of disposition  7/25/2017

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   close/dismissed, not in my favor, wasn't appealed

IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: September 6th, 2017

Signature of Plaintiff: Timothy J. Timmons
Printed Name of Plaintiff: TIMOTHY T. TIMMONS
Prison Identification #: 1010551
Prison Address: Ware State Prison
Waycross, GA 31503

B. For Attorneys

Date of signing: _____

Signature of Attorney: _____
Printed Name of Attorney: _____
Bar Number: _____
Name of Law Firm: _____
Address: _____
Telephone Number: _____
E-mail Address: _____