FILED
John E. Triplett, Acting Clerk
United States District Court

*By MGarcia at 10:32 am, Aug 26, 2020*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| TIMOTHY TIMMONS, | |
| Plaintiff, | CIVIL ACTION NO.: 6:17-cv-116 |
| v. | |
| OFFICER MARTIN; UNIT MANAGER MCFARLIN; and MR. CLARK, | |
| Defendants. | |

**ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the Court on Defendants' Motions to Dismiss. Docs. 21, 34. Also before the Court is Plaintiff's Motion to Amend Complaint. Doc. 25. For the reasons stated below, I **GRANT** Plaintiff's Motion to Amend and **DIRECT** the Clerk of Court to create a separate docket entry for Document Number 25-1 as Plaintiff's Third Amended Complaint. I **RECOMMEND** the Court **GRANT in part** and **DENY in part** Defendants' Motions to Dismiss and **DISMISS** Plaintiff's state-law negligence claims. Docs. 21, 34. Plaintiff's claims for deliberate indifference against Defendants in their individual capacities should remain pending.

**PROCEDURAL HISTORY**

On September 6, 2017, Plaintiff filed this action under 42 U.S.C. § 1983 related to, among other things, his conditions of confinement while incarcerated at Smith State Prison. Doc. 1. Plaintiff's original Complaint was 22 pages with 30 pages of exhibits and concerned several different issues. Id. The Court directed Plaintiff to file an Amended Complaint, as the claims in his original Complaint were unrelated. Doc. 8 at 6. In its Order, the Court directed

Plaintiff to comply with specific instructions in drafting his Amended Complaint.  Id. at 6–7.  On June 11, 2018, Plaintiff filed an Amended Complaint.  Doc. 9.  Plaintiff's Amended Complaint failed to comply with the Court's earlier Order, which the Court noted in an Order issued July 11, 2019.  Doc. 12 at 2.  In its July 11, 2019 Order, the Court directed Plaintiff to file a Second Amended Complaint and again told Plaintiff he must comply with the Court's instructions in doing so.  Id. at 5–6.  On July 31, 2019, Plaintiff filed his Second Amended Complaint.  Doc. 13.

On November 1, 2019, the Court conducted the requisite frivolity screening under 28 U.S.C. § 1915A, recommending dismissal of certain of Plaintiff's claims, while finding Plaintiff had plausibly alleged other claims.  Doc. 14.  Specifically, the Court recommended dismissal of Plaintiff's monetary damages claims against Defendants in their official capacities and his claims under the Americans with Disabilities Act.  Id. at 1.  However, the Court found Plaintiff's deliberate indifference and state-law negligence claims against Defendants Martin, Clark, and McFarlin should proceed and directed service on these Defendants.  Id. at 2.  On November 26, 2020, the Court adopted the Magistrate Judge's Report and Recommendation as the opinion of the Court.  Doc. 16 at 1.

On January 6, 2020, Defendants Martin and McFarlin moved for dismissal of Plaintiff's claims against them, doc. 21, to which Plaintiff filed a Response.  Doc. 24.  On January 27, 2020, Plaintiff filed a Motion to Amend, doc. 25, which Defendants oppose.  Doc. 29.  On February 21, 2020, Defendant Clark filed a Motion to Dismiss, requesting permission to adopt Defendants Martin and McFarlin's Motion to Dismiss.  Doc. 34-1 at 3.  The Court granted Defendant Clark's request to adopt Defendants Martin and McFarlin's Motion.  Doc. 35.  Therefore, Defendants' Motions to Dismiss, docs. 21, 34, and Plaintiff's Motion to Amend, doc. 25, are currently before the Court.

## PLAINTIFF'S CLAIMS

Plaintiff's alleges he was given a medical profile that required him to be housed in a bottom tier cell and on a bottom bunk, but upon his return to Smith State Prison, Defendant Martin assigned Plaintiff a top bunk on the second floor. Doc. 13 at 7. Plaintiff alleges he repeatedly informed Defendant Clark, a deputy warden, and on one occasion told Defendant McFarlin, a unit manager, his medical profile was not being followed. Id. at 12–14. On January 12, 2016, Plaintiff's treating physician, Dr. Gardner, called Defendant Martin and informed him that Plaintiff's medical profile was not being followed. Id. at 8. At some point after this phone call, Defendant Martin reassigned Plaintiff to a bottom bunk but not a ground floor cell. Id.

On June 27, 2016, Plaintiff was climbing the stairs up to his cell when he was struck with a sharp pain in his leg that made his legs buckle, causing him to fall down the flight of stairs. Id. at 9. Plaintiff was sent to the emergency room for his injuries and was in a wheelchair upon discharge, but was still assigned to a second-floor cell for another 13 days. Id. Plaintiff alleges the non-conforming housing and his fall caused permanent, painful, and debilitating injuries, including spinal stenosis and a "bulge" to an existing herniated disc. Id. at 6.

Plaintiff asserts claims against Defendants for deliberate indifference to serious medical needs under the Eighth Amendment and negligence under Georgia law. Doc. 14 at 7–9. Both sets of claims arise from the same facts. As relief, Plaintiff requests compensatory damages for past, present, and future "physical pain, mental anguish, suffering, emotional distress, and disability" and punitive damages. Doc. 13 at 15.

# DISCUSSION

I. **Plaintiff's Motion to Amend**

On January 27, 2020, Plaintiff filed a Motion seeking the Court's leave to file an amended complaint. Doc. 25. Attached to Plaintiff's Motion is a proposed Third Amended Complaint, doc. 25-1, and a number of exhibits. Docs. 25-2, 25-3, 25-4.

Defendants argue the Court should deny Plaintiff leave to amend, as amendment would be futile. Doc. 29 at 2. Defendants also argue Plaintiff's proposed Third Amended Complaint merely "repeats the same allegations that he alleged in his previous three complaints." Id. Defendants also argue these claims have already been "addressed by Defendants in their fully briefed and pending motion to dismiss." Id.

Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave," which "[t]he court should freely give . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Unless a substantial reason exists to deny the motion, such as undue prejudice or delay, movant's bad faith or dilatory motive, repeated failure to cure deficiencies, or futility, the interests of justice require that leave to amend be granted. Foman v. Davis, 371 U.S. 178, 182 (1962). A proposed amended complaint may be denied for futility when the complaint as amended would still be properly dismissed. Coventry First, LLC v. McCarty, 605 F.3d 865, 870 (11th Cir. 2010).

The Court agrees Plaintiff's proposed Third Amended Complaint, doc. 25-1, is nearly identical in substance to his Second Amended Complaint, doc. 13, and adds no new claims or significant facts. Defendants argue in their Motion to Dismiss Plaintiff's Second Amended Complaint should be dismissed because he failed to fully disclose his litigation history. Doc. 21-1 at 2–5. It appears in his proposed Third Amended Complaint that Plaintiff is attempting to

4

cure the failure to disclose his litigation history. Doc. 25-2 at 1–5. Thus, the Court does not find Plaintiff has repeatedly failed to cure deficiencies, nor that Plaintiff's proposed Third Amended Complaint is futile because, as amended it would "still be properly dismissed."[1] The Court finds no substantial reason exists to deny Plaintiff's Motion to Amend. Foman, 371 U.S. at 182. Thus, in keeping with Rule 15(a)'s policy that leave to amend be "freely given," the Court **GRANTS** Plaintiff's Motion to Amend. Doc. 25. The Court **DIRECTS** the Clerk of Court to docket Document Number 25-1 as Plaintiff's Third Amended Complaint.

Normally, an amended complaint supersedes the original complaint, and thus, renders moot a pending motion to dismiss the original complaint. Southern Pilot Ins. Co. v. CECS, Inc., 15 F. Supp. 3d 1284, 1287 n.1 (N.D. Ga. 2013). However, that practice is not applicable where, as here, there is no material difference between the operative complaint and the amended complaint. Gandy v. VT Mae, No. 18-00381, 2019 WL 4047614, at *1 n.1 (S.D. Ala. Aug. 7, 2019) (collecting cases); Johnson v. Fulton County, No. 1:17-cv-3921, 2018 WL 2350172, at *1 (N.D. Ga. Apr. 12, 2018) ("However, that rule is not applicable where, as here, there is no discernible difference between the Second and Third Amended Complaints.") (citing Jordan v. City of Philadelphia, 66. F. Supp. 2d 638, 641 n.1 (E.D. Pa. 1999)). In granting Plaintiff's Motion to Amend, "the court may consider [d]efendants' motions to dismiss the original complaint as being addressed to the amended complaint, because the deficiencies alleged to be present in the original complaint are also present in the amended complaint." Roberts v. National City Mortg. Inc., No. 1:10-cv-706, 2011 WL 13319168, at *2 (N.D. Ga. Jan. 26, 2011).

---

[1] As discussed below, neither Plaintiff's Third Amended Complaint, doc. 25-1, nor his nearly identical Second Amended Complaint, doc. 13, are subject to dismissal in their entirety. The Court found Plaintiff's claims for deliberate indifference against Defendants in their individual capacities should proceed. Doc. 14 at 2. Defendants do not argue for the dismissal of these claims, and so, Plaintiff's claims would not "still be subject to dismissal." Coventry First, LLC v. McCarty, 605 F.3d 865, 870 (11th Cir. 2010).

Defendants' challenges to Plaintiff's Second Amended Complaint are applicable to Plaintiff's Third Amended Complaint, as the two are nearly identical in substance. Indeed, Defendants agree that the claims brought in Plaintiff's proposed Third Amended Complaint have been "addressed by Defendants in their fully briefed and pending motion to dismiss." Doc. 29 at 2. Accordingly, the Court will consider Defendants' Motions to Dismiss as it concerns Plaintiff's Third Amended Complaint.

## II.     Defendants' Motions to Dismiss

### A.     Abuse of Judicial Process

Defendants argue Plaintiff's case should be dismissed in its entirety for abuse of the judicial process because Plaintiff failed to disclose certain prior or pending lawsuits in his Second Amended Complaint. Doc. 21-1 at 2–3 (citing Doc. 13 at 19–20). Further, Defendants assert Plaintiff previously had a lawsuit dismissed for lack of candor, and he was aware of the consequences for failing to disclose prior lawsuits. Id. at 4.

Finding that a plaintiff engaged in bad faith litigiousness or manipulative tactics may warrant dismissal of that plaintiff's action. Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997). A pro se prisoner's misrepresentation of his litigation history, by failing to disclose previous lawsuits filed while he was a prisoner, may constitute abuse of judicial process and warrant the dismissal of his action. Redmon v. Lake Cty. Sheriff's Office, 414 F. App'x 221, 225–26 (11th Cir. 2011). Additionally, Federal Rule of Civil Procedure 11 permits a court to impose sanctions, including dismissal, "if a party knowingly files a pleading that contains false contentions." Id. at 225. Whether to dismiss a case based upon frivolousness or maliciousness is within the district court's discretion. Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1315 (11th Cir. 2002). A district court has the "inherent power to impose sanctions on

parties, but the court must make a finding of bad faith on the part of the litigant before imposing such sanctions." Young v. Sec'y Fla. for the Dep't of Corr., 380 F. App'x 939, 940 (11th Cir. 2010) (citing In re Sunshine Jr. Stores, Inc., 456 F.3d 1291, 1304 (11th Cir. 2006)).

Defendants contend Plaintiff failed to identify two prior lawsuits he has filed in this Court regarding his conditions of confinement: Case Numbers 6:16-cv-19 and 6:16-cv-58. Doc. 21-1 at 4. In his Second Amended Complaint, Plaintiff identified a third case, 6:16-cv-66, and checked a box saying that he had not filed any other cases concerning the conditions of confinement. Doc. 13. Defendants are correct that Plaintiff failed to identify Case Numbers 6:16-cv-19 and 6:16-cv-58 in his Second Amended Complaint. However, it is not accurate to say that Plaintiff completely failed to identify these cases in this litigation. In Plaintiff's initial Complaint, he disclosed all three cases—Case Numbers 6:16-cv-19, 6:16-cv-58, and 6:16-cv-66. Doc. 1 at 2–4. He also disclosed Case Numbers 6:16-cv-58 and 6:16-cv-19 in his First Amended Complaint. Doc. 9 at 10; Doc. 9-6 at 10. But in his Second Amended Complaint, Plaintiff disclosed only Case Number 6:16-cv-66 and checked a box indicating that he had never filed other lawsuits related to his conditions of confinement. Doc. 13 at 19–20. Plaintiff argues he did not intentionally omit his litigation history and his failure to include that information was "honest human error." Doc. 24 at 2. Further, after Defendants raised this argument in their Motion to Dismiss, Plaintiff sought leave to amend to cure this defect, and Plaintiff disclosed all three cases in his Third Amended Complaint. Doc. 25-2 at 1–5.

The record before the Court does not suggest bad faith or an abuse of the judicial process on Plaintiff's part. Plaintiff disclosed his litigation history in his initial Complaint but failed to completely duplicate that disclosure in his Amended Complaints. Doc. 1 at 1–4; Doc. 9 at 10; Doc. 9-6 at 10; Doc. 13 at 19–20. Plaintiff's omission appears to be inadvertent, and there is no

indication he acted in "bad faith" or intentionally try to hide his litigation history. Accordingly, I **RECOMMEND** the Court **DENY** this portion of Defendants' Motions.[2]

### B.     State-Law Negligence Claims

#### 1.     *Eleventh Amendment Immunity.*

Defendants argue Plaintiff's state-law negligence claims are barred by the Eleventh Amendment. Doc. 21-1 at 5. The Eleventh Amendment only bars suits for monetary damages by an individual against a state or its agencies or against officers or employees of the state or its agencies in their official capacities. Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989). The Court has already addressed Eleventh Amendment immunity and dismissed Plaintiff's claims against Defendants for monetary damages in their official capacities. Doc. 14 at 6; Doc. 16 at 1. State employees sued in their individual capacities do not receive the Eleventh Amendment's Protection. Jackson v. Ga. Dep't of Transp., 16 F.3d 1573, 1575 (11th Cir. 1994). Only Plaintiff's claims against Defendants in their individual capacities remain, and these claims are not barred by the Eleventh Immunity. Therefore, I **RECOMMEND** the Court **DENY as moot** this portion of Defendants Motions.

#### 2.     *Georgia Tort Claims Act Immunity.*

Defendants argue Plaintiff's state-law negligence claims are barred by the Georgia Tort Claims Act ("GTCA"), O.C.G.A. § 50-21-20 *et seq*. Doc. 21-1 at 7. The GTCA "constitutes the exclusive remedy for any tort committed by a state officer or employee. O.C.G.A. § 50-21-25(a). Pursuant to the GTCA, "[a] state officer or employee who commits a tort while acting within the scope of his or her official duties or employment is not subject to lawsuit or liability

---

[2]     Defendants asserted only one argument—abuse of judicial process—in support of dismissal of Plaintiff's claim deliberate indifference to serious medical needs under the Eighth Amendment. If the Court adopts this recommendation and denies this portion of Defendants' Motion to Dismiss, Plaintiff's deliberate indifference claim will remain pending.

8

therefor." Id. This immunity applies even when the officer is accused of committing unauthorized torts that are intentional or malicious. See Ridley v. Johns, 552 S.E.2d 853, 854 (Ga. 2001). Georgia law further provides that tort claimants must "name as a party defendant *only* the state government entity for which the state officer or employee was acting and shall not name the state officer or employee individually." O.C.G.A. § 50-21-25(b) (emphasis added). In other words, if a state officer or employee is sued for a tort committed while acting within the scope of his or her official duties or employment, "the state government entity for which the state officer or employee was acting must be substituted as the party defendant." Id. However, substituting the Georgia Department of Corrections for the individually named Defendants in their individual capacities would be futile in this case. The GTCA provides a limited waiver of the State's sovereign immunity for actions alleging torts committed by state officers or employees; however, it does not waive the State's sovereign immunity for tort actions brought against the State in federal court. O.C.G.A. § 50-21-23(b) ("The [State of Georgia] does not waive an immunity with respect to actions brought in the courts of the United States."); Williams v. Ga. Dep't of Corr., No. 6:11-cv-11, 2012 WL 2839454, at *5 (S.D. Ga. May 2, 2012). Defendants assert that at all relevant times, they were acting within the scope of their official duties, doc. 21-1 at 8, which Plaintiff does not dispute. See Docs. 24, 38, 42. As a result, the Georgia Department of Corrections, if substituted for the individually named Defendants, would be immune to lawsuit in federal court. Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's state-law claims. Because I recommend these claims be dismissed for the reasons stated above, I decline to address Defendants' remaining arguments related to Plaintiff's state-law claims. Doc. 21-1 at 8–10.

**CONCLUSION**

For the reasons stated above, I **GRANT** Plaintiff's Motion to Amend, doc. 25, and **DIRECT** the Clerk of Court to docket Document Number 25-1 as Plaintiff's Third Amended Complaint.  I **RECOMMEND** the Court **GRANT in part** and **DENY in part** Defendants' Motions to Dismiss and **DISMISS** Plaintiff's state-law negligence claims.  Docs. 21, 34.  If the Court adopts this recommendation, only Plaintiff's claims for deliberate indifference against Defendants in their individual capacities will remain pending.

The Court instructs any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered.  See 28 U.S.C. § 636(b); Federal Rule of Civil Procedure 72(b)(2).  Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.  The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.  Furthermore, it is not necessary for a party to repeat legal arguments in objections.  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; see Symonette v. V.A. Leasing Corp., 648 F. App'x 787, 790 (11th Cir. 2016); Mitchell v. United States, 612 F. App'x 542, 545 (11th Cir. 2015).

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in

whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 26th day of August, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA