IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

TIMOTHY TIMMONS,

    Plaintiff,

v.

KATHY MARTIN; ANDREW
MCFARLANE; and CLARK,

    Defendants.

CIVIL ACTION NO.: 6:17-cv-116

## ORDER

This matter is before the Court on Plaintiff's Objections to the Magistrate Judge's Report and Recommendation dated March 5, 2021. Doc. 70. In the Report, the Magistrate Judge recommended the Court grant Defendants' Motion for Summary Judgment after finding Defendants were entitled to qualified immunity. Id.

In his Objections, Plaintiff sets forth five arguments. First, Plaintiff argues the Magistrate Judge did not apply the correct legal standard regarding qualified immunity. Doc. 77-1 at 1–5. Plaintiff asserts the Magistrate Judge should have discussed several United States Supreme Court cases, including Taylor v. Riojas, 141 S. Ct. 52 (2020), and Hope v. Pelzer, 536 U.S. 730 (2002). Relying on Riojas and Hope, Plaintiff argues the Court need not evaluate whether previous cases are factually similar because "[a] general constitutional rule already identified in the decisional law may apply with obvious clarity to the specific conduct in question." Id. at 2 (citing Riojas, 141 S. Ct. at 53–54, and Hope, 536 U.S. at 741).

The Magistrate Judge did not err in his discussion of the qualified immunity standard. The Magistrate Judge correctly concluded there are three ways a plaintiff can show a right is clearly

established in the Eleventh Circuit: "(1) pointing to 'a materially similar case decided at the time of the relevant conduct by the Supreme Court, the Eleventh Circuit, or the relevant state supreme court,' (2) identifying 'a broader, clearly established principle that should govern the novel facts of the situation,' or (3) showing 'the conduct at issue is so obviously violated the Constitution that prior case law is unnecessary.'" Doc. 70 at 7 (citing J.W. v. Birmingham Bd. of Educ., 904 F.3d 1248, 1259–60 (11th Cir. 2018)). Riojas and Hope do not overrule this reasoning. Instead, the Supreme Court simply concluded the egregious facts present in those specific cases (one dealing with unsanitary cell conditions and the other with handcuffing an inmate to a hitching post) aligned with the above-discussed second or third categories. Riojas, 141 S. Ct. at 53–54; Hope, 536 U.S. at 741. The Magistrate Judge properly considered whether this case fell into any of the three above-listed categories and concluded it did not and that Plaintiff did not satisfy his burden of showing Defendants violated clearly established law. Doc. 70 at 7–13. The Court agrees with and adopts the Magistrate Judge's conclusions on these points.

Second, Plaintiff challenges the Magistrate Judge's conclusion on qualified immunity, arguing Defendants violated clearly established law. Doc. 77-1 at 5–12. Plaintiff principally relies upon the same three cases Plaintiff relied on his summary judgment response: Estelle v. Gamble, 429 U.S. 97 (1976); Campbell v. Beto, 460 F.2d 765 (5th Cir. 1972); and Martinez v. Mancusi, 443 F.2d 921 (2d Cir. 1970). Doc. 68 at 4; Doc. 77 at 1. The Magistrate Judge fully considered and addressed these cases in his Report. Doc. 70 at 8–13. Plaintiff does not argue these cases are materially factually similar cases (i.e., the first category of cases to be considered for qualified immunity purposes), but instead argues these cases set forth a general principle that prison officials may not interfere with medical treatment once prescribed. However, Plaintiff has failed to satisfy his burden of showing this broader principle applies to the specific circumstances present in this

case. J.W., 904 F.3d at 1259–60. It would not be apparent to a prison official that a failure to accommodate a bottom-bunk or bottom-tier profile within a certain amount of time falls into the intentional interference with medical treatment discussed in these cases. Nor has Plaintiff shown the conduct at issue in this case so obviously violated the Constitution that prior case law is unnecessary. Id.

Third, Plaintiff argues the Magistrate Judge erred by failing to consider Plaintiff's original Complaint as evidence. Doc. 77-1 at 13–21. Plaintiff suggests factual allegations in the original Complaint support his assertions he had a serious medical need in the form of a back injury and Defendants were aware of the need. Id. at 13. Plaintiff has amended his Complaint several times throughout the course of this litigation. Docs. 9, 13, 48. Plaintiff's Third Amended Complaint supersedes all earlier pleadings, and the Third Amended Complaint is not a sworn complaint. Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Can., 674 F.2d 1365, 1370 n.6 (11th Cir. 1982); Schreane v. Middlebrooks, 522 F. App'x 845, 847 (11th Cir. 2013); Doc. 48. Plaintiff cites various cases, and relies on two in particular, in support of his argument the Court still should have considered Plaintiff's earlier sworn—but superseded—complaint, but those cases do not support Plaintiff's argument. Plaintiff cites Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 601 (5th Cir. 1981). In Dussouy, the Fifth Circuit Court of Appeals determined the plaintiff did not entirely drop his claim for tortious interference by amending his complaint because "the amended complaint continues to state a claim based on tortious interference," though, the court noted the claim was not as clearly stated as it had been in the original complaint. Id. Undermining Plaintiff's reliance on the case, the court expressly noted: "[T]he proposition that the amended complaint may supersede the original is valid." Id. Plaintiff also relies on Borel v. U.S. Cas. Co., 233 F.2d 385, 387–88 (5th Cir. 1956), but that case merely concludes a superseded answer could be admitted as

3

evidence at trial, given the unique circumstances in that matter. Borel v. U.S. Cas. Co., 233 F.2d 385, 387–88 (5th Cir. 1956). Ultimately, none of Plaintiff's cases support the proposition the Court is required to consider the factual allegations in Plaintiff's superseded Complaint in this case. Furthermore, the Court expressly warned Plaintiff he "may not rest on the allegations in [his] pleadings alone" for summary judgment purposes. Doc. 58; see Schreane, 522 F. App'x at 847 (holding district court did not err in holding the amended complaint superseded earlier complaint when plaintiff was warned as much by local rule). Therefore, the Magistrate Judge did not err in declining to consider the factual allegations in Plaintiff's superseded, original Complaint.

Additionally, the Magistrate Judge explained he "reviewed the record in full, even outside of the citations presented by Plaintiff," doc. 70 at 8 n.6, including Plaintiff's deposition testimony, doc. 57-4, which contains allegations similar to those in the original Complaint, and the exhibits to Plaintiff's original and amended complaints.[1] Additionally, the undersigned has conducted an independent and de novo review of the entire record. Were that not enough, Plaintiff fails to explain how consideration of the factual allegations in his original Complaint would have made any difference to the qualified immunity analysis. Indeed, even taking that allegation as true, Defendants would still be entitled to qualified immunity because Plaintiff has failed to show Defendants violated clearly established law. Plaintiff's objection on this point lacks merit.

Fourth, Plaintiff asserts the Magistrate Judge erred by declining to reopen discovery in this case. Doc. 77-1 at 22. Plaintiff argues that because counsel was only recently retained, he should be permitted an opportunity to serve interrogatories and conduct depositions. Id. Plaintiff has been provided with a full and adequate opportunity to pursue discovery and prepare a response

---

[1] Plaintiff asserts the Magistrate Judge failed to consider the exhibits attached to Plaintiff's original Complaint and his deposition testimony, but that is incorrect. See Doc. 77-1 at 16–17. The Magistrate Judge considered and cited to these items several times in the Report. Doc. 70 at 3 n.4, 4, 5, 8 n.6.

brief in this case, including two extensions granted by the Court. Docs. 54, 62. Moreover, Plaintiff has failed to demonstrate how additional discovery would result in a different outcome on summary judgment, given that the Magistrate Judge recommended granting summary judgment solely on the basis of qualified immunity. The Court agrees with and adopts the Magistrate Judge's conclusion regarding the need to reopen discovery.[2]

Fifth, Plaintiff argues he should be permitted to proceed *in forma pauperis* on appeal. Doc. 77-1 at 22. As discussed above, Plaintiff's Objections are meritless. Thus, an appeal would not be taken in good faith because there are no non-frivolous issues to raise on appeal. See Coppedge v. United States, 369 U.S. 438, 445 (1962).

Although not mentioned by Plaintiff's counsel in the Objections, Plaintiff filed his own pro se response brief since the Report and Recommendation was entered in this case. Doc. 72. Plaintiff supposedly signed the response brief on February 18, 2021, but the brief was not received by the Court until much later. Id. Counsel filed a notice of appearance in this case and a response brief on Plaintiff's behalf on February 24, 2021. Docs. 66, 67. Nonetheless, the Court has reviewed Plaintiff's pro se response brief. Even considering that brief, Plaintiff has not met his burden of showing Defendants violated clearly established law.

After an independent and de novo review of the entire record, the Court **CONCURS** with the Magistrate Judge's Report and Recommendation, **ADOPTS** the Report and Recommendation as the opinion of the Court, and **OVERRULES** Plaintiff's Objections. The Court **GRANTS** Defendants' Motion for Summary Judgment, **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment, and **DENIES** Plaintiff *in forma pauperis* status on appeal.

---

[2] To the extent Plaintiff formally requested reopening discovery and the Magistrate Judge outright denied that request, the Court reviews the Magistrate Judge's decision to determine if the decision was clearly erroneous or contrary to law. The Court finds it was not.

SO ORDERED, this 25th day of March, 2021.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA